# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

ALEXANDER JIGGETTS,

   Plaintiff,

v().                                             Civil Action No.: SAG-20-854

STATE OF MARYLAND,

   Defendant.

## MEMORANDUM

On March 31, 2020, Plaintiff Alexander Jiggetts filed this civil rights action together with a motion to proceed in forma pauperis. Jiggetts' motion shall be granted. For the reasons that follow, the complaint must be dismissed.

This complaint is Jiggetts' second attempt to file a civil rights action against members of the State judiciary sitting in the Circuit Court for Baltimore City because a petition for writ of actual innocence[1] Jiggetts sent to that court was not, in his view, handled properly. ECF 1. In *Jiggetts v. Mosby, et al.*, Civil Action ELH-20-493 (D. Md. 2020) which Jiggetts filed on February 24, 2020, this court dismissed the complaint because this court lacks jurisdiction to issue injunctive relief against the state courts, and all other parties named were immune to suit for damages. *Id*. at ECF 3 at 2-4. Notwithstanding the clear indication from this court that Jiggetts' claim that the state court had not properly handled his petition was not viable, he has filed this complaint alleging he is entitled to four-billion dollars in damages because the petition for writ of actual innocence

---

[1]     Jiggetts' petition for writ of actual innocence concerns his 2013 criminal conviction for telephone misuse. In that case, Jiggetts entered a guilty plea after his competency to stand trial was established; he was sentenced to time served as he had already been confined as not competent to stand trial. *See State v. Jiggetts*, Case No. 816180013 (Balt. City Cir. Ct. 2016) at http://casesearch.courts.state.md.us/inquiry, *see also Jiggetts v. State of Maryland*, Civ. Action JFM-17-2977 (D. Md. 2017) at ECF 5 (describing criminal case history).

he filed with the Baltimore City Circuit Court was stolen. ECF 1 at 1. He explains that he sent the petition by U.S. mail for the purpose of having it filed in the court and "instead they have held it stealing a property I worked on for their own use and when you send something to the courts it is official business." *Id*. He adds that the petition he wrote "took time, effort, and supplies . . . and this work is worth billions." *Id*. In Jiggetts' view, the failure by the court to serve the state and order it to answer the petition is "wrong and is a civil rights violation." *Id*.

In addition to his claims against the "Baltimore City Judiciary and Baltimore City State's Attorney's Office," Jiggetts includes a demand that this case not be assigned to "Judge Hollander for Judge Hollander gets a state check every month" and also that the case not be assigned to "any female for these are women doing this to petitioner." ECF 1 at 1. Jiggetts expands on this request claiming that Judge Hollander should recuse herself from this case because she "used to work for the Baltimore City Circuit Court as [a] Judge" and asserts that any judge that was formerly employed by the state government must recuse themselves. *Id*. at 2. While he claims he has "nothing against women," he asserts his case should not be assigned to a member of this court who is female because:

> they were mostly women who wanted petitioner to get arrested for telephone misuse and wanted petitioner convicted and because petitioner is a muslim and Judge Hollander is in a religion that has always been hostile to muslims and the fact is the defendants in this case don't like muslims this why the state government hates petition and won't file nothing petitioner sends to the court and they have hated petitioner since 2005 when petitioner became serious about Islam leaving the streets.

*Id*. Jiggetts' cited reasons for recusal are without merit; however, the instant case was not assigned to Judge Hollander.

Jiggetts filed this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee.

2

To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Notwithstanding the presence of identical issues noted in Jiggetts' prior complaint concerning his state court petition, Jiggetts' claim regarding his entitlement to a response and a hearing on his petition for writ of actual innocence is without merit. Under Md. Code Ann., Crim. Proc. § 8-301(e)(2) the court where the petition is filed "may dismiss a petition without a hearing if the court finds that the petition fails to assert grounds on which relief may be granted." Further, the allegations do not suggest that a member of the state court's Clerk's staff has deliberately acted outside of his or her authority with respect to a pleading properly filed with the court. Jiggetts does not provide any evidence that his petition was actually received by the court through the U.S. mail, does not allege that anyone disregarded the law with respect to docketing his petition, and does not explain how his petition meets the standard for a writ of actual innocence under

controlling Maryland law. *See* Md. Code Ann., Crim. Proc. § 8-301(a)(1)(ii) (standard for issuance of the writ when conviction resulted from a guilty plea, *Alford* plea, or plea of *nolo contendere*). Rather, Jiggetts simply asserts that he mailed a petition to the court and nothing further has happened. The lack of any discernible cause of action, coupled with the fact that Jiggetts is attempting to sue parties[2] who are immune from damages claims as set forth in this Court's memorandum opinion in Civil Action ELH-20-493, requires dismissal of this complaint.

Additionally, Jiggetts is forewarned that continued attempts to re-litigate claims that have been dismissed by this court previously may result in a pre-filing injunction being issued by this court for the purpose of conserving valuable judicial resources. "[T]he All Writs Act . . . grants federal courts the authority [to impose pre-filing injunctions] to limit access to the courts by vexatious and repetitive litigants." *Cromer* v. *Kraft Foods No. Am., Inc.,* 390 F.3d 812, 814 (4th Cir. 2004); *see* 28 U.S.C. S 1651(a). A court is to impose a pre-filing injunction "sparingly," but it may be warranted in doing so under "exigent circumstances, such as a litigant's continuous abuse of the judicial process by filing meritless and repetitive actions." *Cromer,* 390 F.3d at 817-18 (citation and internal quotation marks omitted). The instant case is the fifth case filed this year by Jiggetts that has been dismissed because it is meritless or repetitive. *See* Civil Actions ELH-20-246, ELH-20-416, ELH-20-492, and ELH-20-493. While this court will not issue such an order at this time, Jiggetts is advised to be mindful of the possible consequences he may incur if he continues to file similar claims with this court.

---

[2] Although the caption of Jiggetts' complaint names the State of Maryland as the only defendant, the body of the complaint makes plain Jiggetts' intent to sue a sitting state court judge as well as the State's Attorney. ECF 1. Even if that were not his intention, a claim against the State of Maryland is barred by Eleventh Amendment. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (a state, its agencies and departments are immune from suit in federal court unless the state consents); *see also* Md. Code Ann., State Gov't § 12-202(a) (Maryland's waiver of immunity is limited to cases brought in state court and which comply with the Maryland Tort Claims Act).

A separate order granting Jiggetts' motion to proceed in forma pauperis and dismissing the complaint for failure to state a claim follows.

April 2, 2020
_____
Date

_____
Stephanie A. Gallagher
United States District Judge